# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

VILMA CLEAR FORNYUY SIMO KONGNSO,

     Petitioner,

v.                                             No. 2:26-cv-0222-WJ-LF

PAMELA BONDI, United States Attorney General;
KRISTI NOEM, Secretary, U.S. Department of
Homeland Security;
TODD LYONS, Acting Director
Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Field Office
Director, Enforcement and Removal Operations,
El Paso Field Office;
DORA CASTO, Warden, Otero County
Processing Center;

     Respondents.

## <u>ORDER TO ANSWER</u>

This matter is before the Court on Petitioner Vilma Clear Fornyuy Simo Kongnso's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is detained at the Otero County Processing Center (Doc. 1 at 1). Petitioner states she entered the United States on May 31, 2025, at the Bridge of Americas border crossing. She was deemed inadmissible and placed in expedited removal proceedings. (Doc. 1 at 1-2, 5). On September 16, 2025, a credible fear interview was held, resulting in a credible fear determination. (Doc. 1 at 5). On October 6, 2025, charges were amended to "arriving alien." (Doc. 1 at 6) She filed a Form I-589 application for asylum and withholding of removal and a hearing was held on January 12, 2026. (Doc. 1 at 7). She was held inadmissible and ordered to be removed to Uganda. (Doc. 1 at 7). She filed a

Notice of Appeal on January 15, 2026, and the appeal is pending. (Doc. 1 at 7). Petitioner seeks immediate release or, alternatively, a personalized detention hearing. (Doc. 1 at 21).

Having reviewed the record, the Court finds the alleged facts may raise a colorable claim for relief. *See Melchor-Rios v. Ortiz, et al.*, 2:25-cv-1055 WJ-GJF (concluding the petitioner's detention was governed by 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing or release the petitioner); *Briceno-Sanchez v. Dedos, et al.*, 2:25-cv-1054 WJ-GBW (same). Pursuant to Standing Order 26-mc-0004-03, the Clerk's Office will be directed to electronically serve the Petition, together with a copy of this Order, on Respondents via CM/ECF. The United States Attorney's Office (USAO) shall answer the Petition within 10 (ten) business days of electronic service of the Petition and this Order. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).[1] The answer should address the merits of Petitioner's claim and show cause why the requested relief should not be granted. Any response filed by Respondents must demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. Petitioner may file an optional reply within 10 (ten) business days after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

**IT IS ORDERED:**

**(1)** the Clerk's Office is **DIRECTED** to electronically serve the Petition, together with a copy of this Order, on Respondents via CM/ECF; and

---

[1] To the extent applicable and pursuant to the authority granted by Rule 1(b) of the Rules Governing 2254 Cases in the United States District Court and Standing Order 26-mc-0004-03, the Court will apply the Rules Governing Section 2254 cases in this proceeding.

2

**(2)** the USAO shall **ANSWER** the Petition within 10 (ten) business days of electronic service of the Petition and this Order and show cause why the requested relief should not be granted.  If Petitioner wishes to file an optional reply, she must do so within ten (10) business days after Respondents' response is filed.


/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

3